UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNY WILLIAMS,

        Petitioner,                                 Hon. Janet T. Neff

v.                                                   Case No. 1:10-CV-221

MARY BERGHUIS,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Williams' petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Williams' petition be **denied**.

## BACKGROUND

As a result of events which occurred between October 2004 and October 2005, Petitioner was charged with two counts of Third Degree Criminal Sexual Conduct. (Plea Transcript, April 19, 2006, 3-9). Petitioner was also charged with being an habitual felon with at least three previous felony convictions. (Tr. 7-8). By itself, a conviction for Third Degree Criminal Sexual Conduct is punishable by imprisonment for "not more than 15 years." *See* Mich. Comp. Laws § 750.520d(2). However, if also found to have previously been convicted of three felonies, a

1

conviction for Third Degree Criminal Sexual Conduct subjects the offender to "imprisonment for life or for a lesser term." *See* Mich. Comp. Laws § 769.12(1)(a).

Petitioner subsequently entered into a plea agreement, pursuant to which he agreed to plead guilty to one count of Third Degree Criminal Sexual Conduct in return for which the prosecution agreed to dismiss the second count of Third Degree Criminal Sexual Conduct as well as the charge of being an habitual felon. (Plea Transcript, April 19, 2006, 3-12). Petitioner was sentenced to serve 8-15 years in prison. (Sentence Transcript, June 20, 2006, 15). Petitioner unsuccessfully appealed his conviction and sentence on both direct appeal and by seeking post-conviction relief. On February 10, 2010, Petitioner initiated the present action in which he asserts the following claims:

> I. Ineffective assistance of trial and appellate counsel.
>
> II. Improper calculation of his sentencing guidelines score.[1]

**STANDARD OF REVIEW**

Williams' petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), as it amended 28 U.S.C. § 2254. The AEDPA amended the substantive standards for granting habeas relief under the following provisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

---

[1] Respondent asserts that Petitioner has failed to properly exhaust these claims in state court. The Court finds the record on this question unclear. The Court need not resolve this question, however, because, as Respondent recognizes, the Court can deny Petitioner's habeas claims his alleged failure to exhaust such notwithstanding. *See* 28 U.S.C. § 2254(b)(2). As Petitioner's claims clearly lack merit, the Court opts to address such on the merits.

>   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
>
>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA has "modified" the role of the federal courts in habeas proceedings to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Pursuant to § 2254(d)(1), a decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at an opposite result." *Ayers v. Hudson*, 623 F.3d 301, 307 (6th Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

Prior to *Williams*, the Sixth Circuit interpreted the "unreasonable application" clause of § 2254(d)(1) as precluding habeas relief unless the state court's decision was "so clearly incorrect that it would not be debatable among reasonable jurists." *Gordon v. Kelly*, 2000 WL 145144 at *4 (6th Cir., February 1, 2000); *see also*, *Blanton v. Elo*, 186 F.3d 712, 714-15 (6th Cir. 1999). The *Williams* Court rejected this standard, indicating that it improperly transformed the "unreasonable application" examination into a subjective inquiry turning on whether "at least one of the Nation's jurists has applied the relevant federal law in the same manner" as did the state court. *Williams*, 529 U.S. at 409.

In articulating the proper standard, the Court held that a writ may not issue simply because the reviewing court "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams,* 529 U.S. at 411. Rather, the Court must also find the state court's application thereof to be *objectively* unreasonable. *Bell*, 535 U.S. at 694; *Williams*, 529 U.S. at 409-12. Accordingly, a state court unreasonably applies clearly established federal law if it "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case" or if it "either unreasonably extends or unreasonably refuses to extend a legal principle from the Supreme Court precedent to a new context." *Ayers*, 623 F.3d at 307. Furthermore, review under § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, - - - S.Ct. - - -, 2011 WL 1225705 at *8 (Apr. 4, 2011).

Pursuant to 28 U.S.C. § 2254(d)(2), when reviewing whether the decision of the state court was based on an unreasonable determination of the facts in light of the evidence presented, the "factual determination by [the] state courts are presumed correct absent clear and convincing evidence to the contrary." *Ayers*, 623 F.3d at 308. Accordingly, a decision "adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." While this standard is "demanding" it is "not insatiable." *Id.*

For a writ to issue pursuant to § 2254(d)(1), the Court must find a violation of clearly established federal law "as set forth by the Supreme Court at the time the state court rendered its decision." *Stewart v. Irwin*, 503 F.3d 488, 493 (6th Cir. 2007). This definition of "clearly

4

established federal law" includes "only the holdings of the Supreme Court, rather than its dicta." *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). Nevertheless, "the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart*, 503 F.3d at 493.

As previously noted, § 2254(d) provides that habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits" unless the petitioner can satisfy the requirements of either § 2254(d)(1) or § 2254(d)(2). This provision, however, "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). Instead, when a federal claim has been presented to a state court and the state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits." *Id.* at 784-85. Where such is the case, the Court must apply the deferential standard of review articulated above, rather than some other less deferential standard.

The presumption that the state court "adjudicated [a] claim on the merits" may be overcome only "when there is reason to think some other explanation for the state court's decision is more likely." *Id.* If this presumption is overcome, however, the Court reviews the matter de novo. *See Wiggins v. Smith*, 539 U.S. 510, 533-35 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *see also, Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

## ANALYSIS

I. **Ineffective Assistance of Trial Counsel**

Petitioner asserts that his right to the effective assistance of counsel was violated by his trial counsel's numerous errors. Petitioner does not argue that but for counsel's errors he would have not pleaded guilty, but instead argues that his attorney's errors resulted in the imposition of a sentence more severe than he would otherwise have received. Petitioner argues, therefore, that due to his trial counsel's ineffective assistance he is entitled to be resentenced.

To establish ineffective assistance of counsel, Petitioner must show both deficient performance by his counsel and prejudice resulting therefrom. *See Premo v. Moore*, 131 S.Ct. 733, 739 (2011). To establish deficient performance, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Premo*, 131 S.Ct. at 739 (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). A court considering a claim of ineffective assistance must apply a "strong presumption that counsel's representation was within the 'wide range' of reasonable professional assistance." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 689). Petitioner's burden is to show that "counsel made errors so serious that [she] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 687).

Petitioner must further establish that he suffered prejudice as a result of his attorney's allegedly deficient performance. Prejudice, in this context, has been defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Premo*, 131 S.Ct. at 739 (quoting *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010)); *see also*, *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The issue is whether counsel's

representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo*, 131 S.Ct. at 739 (quoting *Strickland*, 466 U.S. at 690). This is a heavy burden for Petitioner to meet, because he must establish that his counsel's performance was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *Jacobs v. Mohr*, 265 F.3d 407, 418 (6th Cir. 2001).

As the Supreme Court has made clear, even when reviewing an ineffective assistance of counsel claim *de novo*, "the standard for judging counsel's representation is a most deferential one." *Premo*, 131 S.Ct. at 740. Likewise, the standard by which petitions for habeas relief are judged is "highly deferential." Thus, when reviewing, in the context of a habeas petition, whether a state court unreasonably applied the *Strickland* standard, review is "doubly" deferential. *Id.* (citations omitted). As the Supreme Court recently concluded:

> The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating reasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (internal citations omitted).

In support of this particular claim, Petitioner asserts that his trial attorney allegedly made the following errors: (1) failed to argue mitigating circumstances at sentencing; (2) failed to "develop a sound trial strategy," interview potential witnesses, or make an independent investigation of the relevant facts and circumstances; (3) failed to subject Petitioner to a polygraph examination; (4) failed to investigate the lack of medical evidence; (5) failed to offer testimony on Battered Woman Syndrome; and (6) failed to bring to the trial court's attention errors in the scoring of certain

offense variables used to calculate Petitioner's sentence guidelines score.

### 1. Failure to Argue Mitigating Circumstances

Petitioner was convicted of Third Degree Criminal Sexual Conduct after admitting under oath that he performed oral sex on a fifteen year old girl. (Plea Transcript, April 19, 2006, 3-12). Petitioner argues that his attorney was deficient for failing to argue at sentencing that the severity of Petitioner's sentence should be mitigated by the following: (1) the victim presented Petitioner with a false identification prior to engaging in sexual activity; and (2) the victim pursued Petitioner "for over a year."

First, there is nothing in the record to support Petitioner's assertions on either of these issues. Because Petitioner has failed to establish the accuracy of these allegedly mitigating circumstances, he cannot demonstrate that his attorney was deficient for failing to assert such at sentencing. Moreover, even if the allegations in question are presumed accurate, it is not reasonable to assert that consideration of such would have resulted in a less severe sentence. Third Degree Criminal Sexual Conduct is a "strict liability" offense to which mistake as to the victim's age is not a defense. *See, e.g., People v. Apgar*, 690 N.W.2d 312, 318-19 (Mich. Ct. App. 2004). Thus, whether the victim may have lied about her age or pursued Petitioner is irrelevant. Petitioner has failed to demonstrate that counsel's performance in this regard was deficient. Moreover, even if the Court assumes such to be the case, Petitioner has failed to establish that consideration of these two factors would have resulted in the imposition of a lesser sentence.

Petitioner presented this claim to the trial court on his post-conviction motion for relief from judgment. The trial court rejected Petitioner's argument, finding that Petitioner's right

8

to the effective assistance of counsel had not been violated. *People v. Williams*, Case No. 05-10942-FH, Opinion (Kent Cnty. Cir. Ct., Dec. 8, 2008). In light of the above authority and facts, the Court concludes that this decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

### 2.      Failure to Develop a Sound Trial Strategy

Petitioner faults his trial counsel for "fail[ing] to develop a sound trial strategy, interview potential witnesses and to make an independent investigation of the facts and circumstances of the case."

Even if the Court assumes that counsel's performance was deficient in this regard, there is nothing in the record to suggest that had counsel performed these tasks that such would have uncovered evidence favorable to Petitioner or resulted in a different outcome. Thus, Petitioner cannot establish that he was prejudiced by counsel's alleged shortcomings. Moreover, Petitioner waived this particular claim by pleading guilty. *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir., Sep. 16, 2003) ("an unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations") (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *United States v. Bell*, 350 F.3d 534, 535 (6th Cir. 2003) (same).

Petitioner presented this claim to the trial court on his post-conviction motion for relief from judgment. The trial court rejected this claim on the ground that such had been waived by Petitioner's decision to plead guilty. *People v. Williams*, Case No. 05-10942-FH, Opinion (Kent

Cnty. Cir. Ct., Dec. 8, 2008). In light of the above authority and facts, the Court concludes that this decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

### 3. Failure to Subject Petitioner to a Polygraph Examination

Petitioner asserts that he requested that his trial counsel arrange to have Petitioner examined by a polygraph examiner. Petitioner argues that counsel's refusal to comply with this request constitutes ineffective assistance.

Petitioner has failed to establish that the results of such an examination would have advanced his cause. Moreover, under Michigan law the results of polygraph examinations are not admissible at trial and may not be considered at sentencing. *See People v. Anderson*, 772 N.W.2d 792, 796 (Mich. Ct. App. 2009) (citing *People v. Towns*, 245 N.W.2d 97 (1976) and *People v. Allen*, 211 N.W.2d 533 (1973)); *People v. Herndon*, 2005 WL 3481432 at *1 (Mich. Ct. App., Dec. 20, 2005). Thus, Petitioner cannot establish that his attorney was deficient for failing to subject him to a polygraph examination or that such failure resulted in prejudice to Petitioner.

Petitioner presented this claim to the trial court on his post-conviction motion for relief from judgment. The trial court rejected Petitioner's claim. *People v. Williams*, Case No. 05-10942-FH, Opinion (Kent Cnty. Cir. Ct., Dec. 8, 2008). In light of the above authority and facts, the Court concludes that this decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable

determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

### 4. Failure to Investigate Lack of Medical Evidence

Petitioner next faults his attorney for his "failure to investigate lack of medical evidence to support sexual abuse allegations." Given the nature of Petitioner's criminal conduct (i.e., the consensual performance of oral sex), it is highly unlikely that the victim would have suffered physical injury or that the subject of medical evidence would have been relevant in this matter. Moreover, assuming the accuracy of Petitioner's assertion that the victim suffered no physical injuries, the Court fails to discern what Petitioner believes his attorney should have investigated. Finally, Petitioner has failed to demonstrate that any such investigation would have uncovered any evidence favorable to his cause. In sum, Petitioner has failed to establish that his attorney was deficient for failing to "investigate" this matter or that he suffered any prejudice as a result of such failure.

Petitioner presented this claim to the trial court on his post-conviction motion for relief from judgment. The trial court rejected Petitioner's claim. *People v. Williams*, Case No. 05-10942-FH, Opinion (Kent Cnty. Cir. Ct., Dec. 8, 2008). In light of the above authority and facts, the Court concludes that this decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

5.      Failure to Offer Testimony on Battered Woman Syndrome

Petitioner asserts that his attorney rendered deficient performance by failing to present "expert testimony on Battered Woman Syndrome." This claim is quite puzzling. Battered woman syndrome is a defense to criminal activity asserted by a woman who claims that her allegedly criminal conduct is instead the legitimate product of self-defense. *See People v. Etchie*, 2012 WL 556194 at *1 (Mich. Ct. App., Feb. 21, 2012). Evidence regarding battered woman syndrome concerns "common characteristics appearing in women who are physically and psychologically abused by their mates" and "enables the jury to overcome common myths or misconceptions that a woman who had been the victim of battering would have surely left the batterer." *People v. Hines*, 2011 WL 890997 at *3-4 (Mich. Ct. App., Mar. 15, 2011). Evidence of battered woman syndrome is not relevant to the charges that Petitioner engaged in consensual sexual activity with a 15 year old girl. Moreover, the presentation of such evidence could reasonably have been interpreted as evidence that Petitioner physically and/or psychologically abused his victim, which would hardly have advanced Petitioner's cause. Thus, Petitioner cannot establish that his attorney was deficient for failing to present such evidence or that he suffered any prejudice as a result of such failure.

Petitioner presented this claim to the trial court on his post-conviction motion for relief from judgment. The trial court rejected Petitioner's claim. *People v. Williams*, Case No. 05-10942-FH, Opinion (Kent Cnty. Cir. Ct., Dec. 8, 2008). In light of the above authority and facts, the Court concludes that this decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

    6.  Failure to Object to Scoring of Certain Offense Variables

Finally, Petitioner argues that his attorney improperly failed to object to the scoring of several of the offense variables used in the calculation of his sentencing guidelines score. Specifically, Petitioner asserts that his attorney failed to object to the scoring of the following items: (1) offense variable OV 10; (2) offense variable OV 11; and (3) offense variable PRV 5.

    a.  OV 10

Offense variable 10 assesses whether a criminal defendant exploited a "vulnerable victim." Mich. Comp. Laws § 777.40. According to Petitioner, the trial court scored this offense variable at ten points. Petitioner argues that this offense variable should have been scored zero. Michigan law provides that scoring this offense variable at 10 points is appropriate if "the offender exploited a victim's. . .youth." Mich. Comp. Laws § 777.40. When sentencing Petitioner, the trial judge noted the nearly twenty year age difference between Petitioner and his victim. (Sentence Transcript, June 20, 2006, 16). A score of ten points for this offense variable is appropriate when a 15 year old girl is victimized by an adult almost twenty years her senior. *See, e.g., People v. Staton*, 2003 WL 359314 at *6 (Mich. Ct. App., Feb. 18, 2003).

The trial judge rejected Petitioner's claim that this offense variable had been improperly scored. *People v. Williams*, Case No. 05-10942-FH, Opinion (Kent Cnty. Cir. Ct., Dec. 8, 2008). Thus, even if the Court assumes that counsel was deficient for failing to object to the scoring of this offense variable, Petitioner cannot establish that he was prejudiced by counsel's failure as any such objection would have been rejected.

Petitioner presented this claim to the trial court on his post-conviction motion for

relief from judgment. The trial court rejected Petitioner's claim. *People v. Williams*, Case No. 05-10942-FH, Opinion (Kent Cnty. Cir. Ct., Dec. 8, 2008). In light of the above authority and facts, the Court concludes that this decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

      b.     OV 11

Offense variable 11 assesses "criminal sexual penetration." *See* Mich. Comp. Laws § 777.41. Petitioner was scored 25 points for this offense variable which is permissible where "one criminal sexual penetration occurred." *Id.* Petitioner argues that his trial counsel rendered ineffective assistance by failing to object to the scoring of this particular offense variable. A review of the sentencing transcript, however, reveals that counsel did, in fact, object to the scoring of this offense variable. (Sentence Transcript, June 20, 2006, 5-7). In response, the trial court explained that with respect to the "regular sexual penetrations" Petitioner performed on his victim such could be scored under offense variable 11 or a different offense variable altogether. (Tr. 5-7). Thus, even if Petitioner's objection to the scoring of offense variable 11 was upheld, Petitioner's guideline score would not change as the scoring of a different offense variable would simply be increased so as to properly account for the many acts of criminal sexual penetration Petitioner committed. (Tr. 5-7).

Petitioner cannot establish that counsel rendered deficient performance with respect to this issue because his attorney did, in fact, object to the scoring of this offense variable. Moreover, even if the Court assumes that counsel's performance concerning this issue was somehow

14

deficient, Petitioner cannot establish that he was prejudiced thereby as the trial judge made clear that regardless of the merits of Petitioner's objection such would not change Petitioner's sentencing guidelines score.

Petitioner presented this claim to the trial court on his post-conviction motion for relief from judgment. The trial court rejected Petitioner's claim on the ground that counsel had, in fact, objected to the scoring of offense variable 11 and that such objection "resulted in no change to the sentencing guidelines score." *People v. Williams*, Case No. 05-10942-FH, Opinion (Kent Cnty. Cir. Ct., Dec. 8, 2008). In light of the above authority and facts, the Court concludes that this decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

c.   PRV 5

Prior record variable 5 concerns a criminal defendant's "prior misdemeanor convictions or prior misdemeanor juvenile adjudications." *See* Mich. Comp. Laws § 777.55. Petitioner was assessed 15 points for this variable, applicable where a defendant "has 5 or 6 prior misdemeanor convictions or prior misdemeanor juvenile adjudications." *Id.* Petitioner does not dispute that he had 5 or 6 prior misdemeanor convictions or adjudications, but instead asserts that such were obtained without benefit of counsel and, therefore, could not be considered when assessing this scoring variable. Petitioner asserts that his attorney rendered ineffective service by failing to object to the scoring of PRV 5.

In his post-conviction motion for relief, Petitioner challenged the scoring of this variable. The trial judge rejected Petitioner's claim thusly:

> Defendant also argues PRV 5 was improperly scored because the six misdemeanor convictions referenced in the Presentence Investigation Report (PSIR) were obtained when he was not represented by counsel. While a trial court cannot consider prior convictions obtained in derogation of the right to counsel for purposes of meting out punishment for another offense; it is the defendant who bears the burden of establishing that the prior convictions were obtained without benefit of counsel. The fact that the PSIR indicates "unknown" following the question of "attorney present" is insufficient evidence that the convictions were obtained in violation of Defendant's right to counsel.

*People v. Williams*, Case No. 05-10942-FH, Opinion (Kent Cnty. Cir. Ct., Dec. 8, 2008).

Accordingly, even if the Court assumes that counsel improperly failed to object to the scoring of PRV 5, Petitioner cannot establish that he thereby suffered prejudiced given the trial judge's conclusion that Petitioner's objection completely lacked merit.

Petitioner presented this claim to the trial court on his post-conviction motion for relief from judgment. The trial court rejected Petitioner's claim. *People v. Williams*, Case No. 05-10942-FH, Opinion (Kent Cnty. Cir. Ct., Dec. 8, 2008). In light of the above authority and facts, the Court concludes that this decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

## II.   Ineffective Assistance of Appellate Counsel

Petitioner asserts that his appellate attorney rendered ineffective assistance by failing

to assert on appeal the various issues discussed immediately above. As the preceding discussion makes clear, however, none of the issues which Petitioner faults his appellate counsel for failing to assert have any merit. Thus, even if the Court assumes that counsel was deficient for failing to assert the issues in question, Petitioner cannot establish that he was prejudiced thereby.

Petitioner presented this claim to the trial court on his post-conviction motion for relief from judgment. The trial court rejected Petitioner's claim. *People v. Williams*, Case No. 05-10942-FH, Opinion (Kent Cnty. Cir. Ct., Dec. 8, 2008). In light of the above authority and facts, the Court concludes that this decision is neither contrary to, nor involves an unreasonable application of, clearly established federal law. Furthermore, this decision was not based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, this claim raises no issue upon which habeas relief may be granted.

**III.**   **Calculation of Petitioner's Sentencing Guideline Score**

Finally, Petitioner asserts that he is entitled to relief because the trial judge improperly scored the aforementioned variables when calculating the applicable sentence range under the Michigan Sentencing Guidelines. As this claim implicates Michigan law, however, it is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a) (the federal courts can only consider habeas claims alleging "violation of the Constitution, laws, or treaties of the United States"); *Coleman v. Curtin*, 425 Fed. Appx. 483, 484-85 (6th Cir., June 6, 2011) (claims that a state court improperly calculated the relevant offense variables is not cognizable in a federal habeas proceeding). Accordingly, this claim presents no issue on which habeas relief may be granted.

**CONCLUSION**

For the reasons articulated herein, the undersigned concludes that Petitioner is not being confined in violation of the laws, Constitution, or treaties of the United States. Accordingly, the undersigned recommends that Williams' petition for writ of habeas corpus be **denied**. The undersigned further recommends that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  June 21, 2012                    /s/ Ellen S. Carmody
                                         ELLEN S. CARMODY
                                         United States Magistrate Judge