UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNY WILLIAMS,

    Petitioner,                                      Case No. 1:10-cv-221

v                                                  HON. JANET T. NEFF

MARY BERGHUIS,

    Respondent.
_____/

**OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition (Dkt 25). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation (Dkt 26). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

In his objections to the R & R, Petitioner reiterates three arguments that he made before the Magistrate Judge: (1) that counsel was ineffective in failing to argue mitigating circumstances (Pet'r Obj., Dkt 26 at 2); (2) that counsel promised him leniency and coerced him into taking the plea agreement (*id.* at 2, 6); and (3) that counsel was ineffective in failing to interview his witnesses (*id.* at 7). Petitioner also raises a new argument, that counsel failed to provide him with "valuable

discoverable [DNA] lab tests results" (Dkt 26 at 3).  For the reasons discussed herein, Petitioner's objections are denied as without merit.

## I.  Petitioner's Objections to the Report and Recommendation

A.   *Failure to Argue Mitigating Circumstances*

In his objections to the Report and Recommendation, Petitioner reiterates his argument that counsel was ineffective in failing to argue mitigating circumstances relating to consent (Dkt 26 at 2).  Specifically, Petitioner asserts that "[n]o force consen[s]ual and consent is a defense to 3rd degree sexual assault" and that a "person must know that a person cannot consent" (*id.*).  Petitioner's argument is without merit.  As the Magistrate Judge correctly stated in the R & R, "Third Degree Criminal Sexual Conduct is a 'strict liability' offense to which mistake as to the victim's age is not a defense" (Dkt 25 at 8) (citing *People v. Apgar*, 690 N.W.2d 312, 318-19 (Mich. Ct. App. 2004)).  Therefore, as the Magistrate Judge correctly determined, "whether the victim may have lied about her age or pursued Petitioner is irrelevant" (*id.*).  Accordingly, Petitioner has failed to present a claim upon which habeas relief may be granted.

B.   *Promise of Leniency*

Second, Petitioner reiterates his argument that he was "promised leniency from his attorney" for pleading guilty and that his attorney "force[d] the pleading [by] threatening me with a long time in prison" (Pet'r Obj., Dkt 26 at 6, 2).  Similarly, in his initial petition, Petitioner asserted that "counsel advised [Petitioner], [Petitioner's] wife and mother that he would get 1 y[ea]r in jail with early release" and that Petitioner "would have gone to trial had [it] not been for counsel's erroneous advice" (Dkt 1 at 40).  However, Petitioner's assertions in his petition and in his objections to the R & R are directly contradicted by his statements at his Plea Hearing (Tr., Dkt 16 at 7-8).

At Petitioner's Plea Hearing on April 19, 2006, the trial judge asked Petitioner: "So you understand, in other words, that if your plea is accepted today, you'll give up any claim that there were promises or threats in exchange for it, other than those we explain on the record today. Do you understand that?" (*id.* at 7). Petitioner responded "[y]eah, yeah" (*id.*). After Petitioner plead guilty to the charge of criminal sexual conduct, the trial judge asked him: "Has anybody promised you anything else to make you want to plead guilty?" (*id.* at 8). To this, Petitioner responded "[n]o" (*id.*). The trial judge then asked Petitioner: "Has anybody threatened or coerced you to make you want to plead guilty?" (*id.*). Again, Petitioner answered "[n]o" (*id.*). Therefore, based on Petitioner's own statements under oath at this Plea Hearing, he was not promised leniency or coerced into taking a plea agreement. Furthermore, he clearly and unambiguously waived his right to make this argument on appeal. Accordingly, his argument is denied as without merit.

C.      *Failure to Interview Witnesses*

Finally, Petitioner again argues that counsel "never tried to talk to any of my witnesses" (Dkt 26 at 7). This argument is without merit. The Magistrate Judge correctly stated that "[e]ven if the Court assumes that counsel's performance was deficient in this regard, there is nothing in the record to suggest that had counsel performed [this task] that such would have uncovered evidence favorable to Petitioner or resulted in a different outcome" (Dkt 25 at 9). Therefore, Petitioner has failed to show that he was prejudiced by counsel's alleged failure to interview his witnesses. Furthermore, the Magistrate Judge properly determined in the Report and Recommendation that "Petitioner waived this particular claim by pleading guilty" (Dkt 25 at 9). *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("an unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations") (citing *Tollet v. Henderson*, 411 U.S. 258, 267 (1973));

3

*United States v. Bell*, 350 F. 3d 534, 535 (6th Cir. 2003) (same).  Accordingly, Petitioner's argument is denied as without merit.

Based on the above analysis, Petitioner's arguments are without merit and his objections are therefore denied.

## II.  Petitioner's New Argument

Petitioner also raises the new argument that his attorney was ineffective because he "had DNA lab test[s] in [his] possession well before the guilty plea, but … I was not afforded a copy of [the] lab test[s] until late in my appeals" (Dkt 26 at 5).  Petitioner further asserts that "the prosecutor, and my lawyer should of known that I would of never took a plea of penetration if I had the opportunity to present the DNA lab test to the judge …" (*id.*).

While Petitioner generally referenced the DNA lab tests in other contexts in his § 2254 petition (Dkt 1 at 15, 20, 35, 39, 40, 42), not until he filed his objections to the R & R did Petitioner argue that his attorney "willing[ly] and deliberately withheld valuable discoverable lab test results" from him (Dkt 26 at 3).  Furthermore, as stated by the Magistrate Judge in the R & R, Petitioner "[did] not argue that but for counsel's errors he would have pleaded not guilty" (Dkt 25 at 6).

Absent compelling reasons, the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000).  Rather, issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived. *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996)).  Because Petitioner failed to previously raise the claim that

his attorney "deliberately withheld valuable discoverable lab test results" (Dkt 26 at 3), he has waived this claim.

Even if Petitioner's claim were not waived, his allegation that counsel "deliberately withheld valuable discoverable test results" directly contradicts the statements he initially made in his petition. In his § 2254 petition, Petitioner asserts that he "requested that counsel arrange for [Petitioner] to take a polygraph exam after [Petitioner's] DNA did not match the DNA collected from the victim" (Dkt 1 at 15). In his petition, Petitioner acknowledged that he knew about the DNA lab tests prior to his plea agreement and, as a result, requested a polygraph exam as part of a trial strategy. Therefore, Petitioner's new argument that his attorney withheld this DNA lab test information prior to his acceptance of the plea agreement is inconsistent with his previous assertions and lacks merit.

### III. Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the

Court's assessment of Petitioner's claims debatable or wrong.  A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: October 24, 2012 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge